NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHARLES GENARIE and THERESA COXON,<br><br>              Plaintiffs,<br><br>     v.<br><br>PRD MANAGEMENT, INC., et al.,<br><br>              Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 04-2082 (JBS)<br><br>**OPINION** |

APPEARANCES:

S. Robert Freidel, Jr., Esq.
Christina Y. Emery, Esq.
THE LAW OFFICES OF S. ROBERT FREIDEL, JR.
University Executive Campus
151 Fries Mill Road, Suite 303
Turnersville, New Jersey 08012
     Attorneys for Plaintiffs

Dennis J. Crawford, Esq.
Robert G. Feldman, Esq.
THE LAW OFFICES OF DENNIS J. CRAWFORD
619 South White Horse Pike
Audubon, New Jersey 08106
     Attorneys for Defendants

**SIMANDLE**, District Judge:

     This matter comes before the Court upon a motion by Plaintiffs Charles Genarie and Theresa Coxon (hereafter "Plaintiff Genarie" and "Plaintiff Coxon," respectively) for leave to Amend/Correct its Complaint. For the reasons discussed below, Plaintiffs' motion will be granted and the Court will

allow Plaintiffs to amend its Complaint consistent with the proposed Amended Complaint filed with its December 29, 2005 Motion for Leave to Amend/Correct its Complaint [Docket Item No. 20].

**I. BACKGROUND**

The parties are familiar with the facts of the underlying dispute and the Court need not repeat them in detail in this Opinion.  In summary, on May 3, 2004, Plaintiffs filed a Complaint alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-4.1 et seq.  On August 10, 2005, Defendants filed a motion for summary judgment [Docket Item No. 15] to which Plaintiffs filed a cross-motion for partial summary judgment [Docket Item No. 17].  Oral argument was heard on the parties' cross-motions on December 9, 2005 and this Court reserved decision at that time.[1]

On December 29, 2005, Plaintiffs filed a Motion to Amend/Correct its Complaint seeking to add a cause of action for breach of contract [Docket Item No. 20]. (See Amended Compl. ¶ 87-92.) Defendants filed opposition to Plaintiffs' Motion on January 5, 2006 [Docket Item No. 21] to which Plaintiffs timely

---

[1] This Court will decide the parties' cross-motions for summary judgment in the near future after the Court receives and reviews the further briefing requested by the Court at oral argument.

replied on January 16, 2006 [Docket Item No. 22]. The motion, the opposition and the reply papers have been carefully considered, without oral argument pursuant to Rule 78, Fed. R. Civ. P.

## II. DISCUSSION

Leave to amend pursuant to Rule 15(a) should be freely granted. See Foman v. Davis, 371 U.S. 178 (1962); see also Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984), cert. denied, 469 U.S. 1122 (1985). Although liberally granted, the decision to grant leave to amend a complaint rests within the sound discretion of the trial court under Fed. R. Civ. P. 15(a). See Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Although it may be unorthodox to present a motion to amend at this late stage, precedent makes clear that such a motion must be considered, and its timeliness is only one factor among many that the court is to consider under Rule 15(a). The Court of Appeals has determined that it would be an abuse of discretion to refuse to entertain a motion to amend even after summary judgment is entered. See Adams, 739 F.2d at 869; see also Newark Branch, NAACP v. Town of Harrison, 907 F.3d 1408, 1417 (3d Cir. 1990.)[2]

---

[2] This is especially true where no explicit deadline for filing motions to amend was set in the Scheduling Orders under Rule 16(b)(1), Fed. R. Civ. P., and the Final Pretrial Order has not yet been entered. An amendment to pleadings after the Rule 16(b)(1) deadline expires requires a showing of "good cause," see Rule 16(b). After entry of the Final Pretrial Order, an amendment would be permitted "only to prevent manifest injustice." Fed. R.

3

Such a liberal amendment philosophy limits the district court's discretion to deny leave to amend. See Adams, 739 F.2d at 864. The district court may only deny leave to amend (A) "if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial" to the defendant or (B) if the amendment would be futile (i.e., the amendment fails to state a cause of action). Id.; see also Massarsky, 706 F.2d at 125.

### A. Whether Plaintiffs' Delay in Seeking Leave to Amend is Undue, Motivated by Bad Faith or Prejudicial to Defendants.

One factor a district court must consider when ruling whether to grant leave to amend is whether a plaintiff's delay in seeking amendment was undue, motivated by bad faith or prejudicial to the defendant. See Fed. R. Civ. P. 15(a); see also Adams, 739 F.2d at 864. In analyzing whether plaintiff's delay was deemed undue or motivated by bad faith, a court must focus on the actions of the plaintiff. See Adams, 739 F.2d at 869. In contrast, when determining whether plaintiff's delay in seeking to amend was prejudicial, the court must focus on the impact of plaintiff's action on defendant. See id. As such, the Court will analyze these factors - (1) undue delay/bad faith by Plaintiffs and (2) prejudice to Defendants - separately.

#### 1. Undue Delay or Bad Faith by Plaintiffs

Under the liberal pleading philosophy of Fed. R. Civ. P.

---

Civ. P. 16(e).

4

15(a), a court should allow plaintiff to amend its complaint whenever there has not been undue delay or bad faith on the part of plaintiff. See id. at 864. "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court...." Id. at 869 (citing Chitimacha Tribe of La. v. Harry L. Laws Co., 690 F.2d 1157, 1163 (5th Cir. 1982). Here, in its brief in opposition to Plaintiffs' motion, Defendants have neither argued or presented any evidence that Plaintiffs acted in bad faith by moving to amend its Complaint at this point in the litigation or participated in any gamesmanship that may have caused undue delay. In fact, in its brief in opposition to Plaintiffs' motion, Defendants concede that "[m]ere delay by itself will not be enough to justify the denial" of a motion for leave to amend. (Def.'s Opp. Br. at 6.) Indeed, the Court notes the Court of Appeals' position that, since amendment to a complaint is not unusual at the summary judgment state of the case, the Court would not characterize Plaintiffs' failure to amend their complaint earlier as causing an "undue delay." See Adams, 739 F.2d at 869 (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1488 at 436 (1971)).  Thus, this Court finds, in bringing a motion to amend its complaint at this point in the litigation, Plaintiffs neither exhibited bad faith or caused an undue delay.

### 2. Prejudice to Defendants

Defendants argue, however, that they would be prejudiced if the Court allowed Plaintiffs to amend the Complaint at this point in the litigation. (Def.'s Opp. Br. at 6.) Specifically, Defendants states that they will be prejudiced because they have not focused their discovery on defending a breach of contract claim and that extensive additional discovery will be needed. (See id. at 7-8.)(Defendants will have an "inability to properly defend the newly added claim of breach of contract because none of the extended written and deposition discovery considered or explored the elements of a breach of contract theory.") Defendant then cites a laundry list of issues that Defendants never sought discovery on but are, in their estimation, would be relevant to the case if a breach of contract claim was added to Plaintiffs original Complaint.  (Id. at 8.) Defendants cite Berger v. Edgewater Steel Co. for the proposition that a district court would not abuse its discretion by denying a motion to amend if the amendment "would inject new issues into the case requiring extensive discovery and 'new and substantially broader claims would put an unwarranted burden on the trial court and be likely to result in prejudice to [defendant.]'" (Def.'s Br. at 7 citing Berger v. Edgewater Steel Co., 911 F.2d 911, 924 (3d Cir. 1990)). In Berger, the Third Circuit Court of Appeals upheld a district court's denial of a plaintiff's motion for leave to amend their

6

complaint to add a discrimination claim. Id. Because the dispute centered on changes an employer was making to its retirement plan under ERISA, the court held that the addition of a discrimination claim (which it deemed a substantially broader claim) "would require 'extensive discovery.'" Id.

This Court finds the facts in present situation distinguishable from those in Berger, as the Court does not anticipate that extensive additional discovery is necessary regarding Plaintiffs' breach of contract claim.  The Court notes Plaintiffs' position that no additional discovery is needed regarding this claim as the claim "is dependent on the same facts as the Fair Labor Standards Act claims."  (Pl.'s Br. at 3; see also Pl.'s Reply Br. at 1.)  Even if the limited anticipated amount of additional discovery is necessary for the parties to prepare for a breach of contract issue, certainly such limited additional discovery was not what was contemplated by the Third Circuit in Berger when it denied plaintiff's leave to amend because plaintiff's new claims required "extensive discovery." To deny Plaintiffs motion for leave to amend here would have been contrary to the liberal amendment philosophy embodied in Fed. R. Civ. P. 15(a).

### B. Whether Plaintiffs' Amendment Would be Futile

Having determined that the proposed amendment is timely presented and that Defendants will not be unduly prejudiced by

7

allowing such an amendment, the only remaining issue is whether allowing the amendment would nevertheless be futile because the amended complaint would not withstand a motion to dismiss. The district court may properly deny leave to amend if a plaintiff's amendment would be futile - meaning that the claims in the amendment "would not withstand a motion to dismiss." Massarsky, 706 F.2d at 125; see also Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., 380 F. Supp.2d 457, 462 (D.N.J. 2005). In addition, where, as here, discovery has been completed and the facts fully developed, a motion to amend should be denied if the amended pleading could not survive a motion for summary judgment. Warner Lampert Co. v. Teva Pharm. USA, 289 F. Supp.2d 515, 544-45 (D.N.J. 2003), aff'd in part rev'd in part on other grounds, 418 F.3d 1326 (3d Cir. 2005).[3]

Plaintiffs' proposed amendment adds a claim for breach of

---

[3] A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff.  See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The question before the court, then, is not whether plaintiff will ultimately prevail; rather, it is whether plaintiff can prove any set of facts in support of their claims that would entitle them to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

contract. (Amend. Compl. ¶ 87-92.)  In support of its motion for leave to amend, Plaintiffs argue that, while the contracts between Plaintiff Genarie (specifically, the Lease Agreement and Attachment No. 3 to the Lease Agreement) stated that he was to "perform other cleaning duties as may be assigned from time to time," Defendants inundated Plaintiff Genarie with jobs that took hours to perform.  (Pl.'s Br. at 3-4 citing Lease Agreement and Attachment No. 3, Def.'s Opp. Br. Ex. A.) According to Plaintiffs, jobs such as stripping and waxing floors, digging ditches and other work were outside of the terms of the Lease Agreement, yet Plaintiff Genarie was regularly required to perform them. (Pl.'s Br. at 4.)  Plaintiffs argue that requiring Plaintiff Genarie to perform such work constituted a breach of Genarie's Lease Agreement as he did not receive additional compensation for performing these extra-contractual tasks. (Id.)

    Defendants counter by arguing that Plaintiff Genarie cannot allege any breach of contract based on being required to do work in addition to the tasks listed in Attachment No. 3 to the Lease Agreement. (Def.'s Opp. Br. at 4.) According to Defendants, Plaintiff Genarie's breach of contract claim centers around being required to do extra-contractual maintenance duties but the plain and unambiguous language of the Lease Agreement states that, from time to time, he would be assigned and required to perform additional maintenance duties aside from those listed in

Attachment No. 3. (Id.)[4]

    Because this Court is reviewing this case on a Fed. R. Civ. P. 12(b)(6) standard, this Court cannot say that there is no set of facts which Plaintiffs could prove that would entitle Plaintiffs to recover under a breach of contract theory.  Indeed, taking all of the allegations of fact as true and construing them in a light most favorable to Plaintiff, this Court cannot say that allowing leave to amend Plaintiffs' Complaint to add such a claim would be futile. Plaintiffs should be afforded the opportunity to conduct discovery on the claim or, at a minimum, argue the merits of this claim before this Court.  See Phillips v. Borough of Keyport, 179 F.R.D. 140, 147 (D.N.J. 1998) citing C. Wright & A. Miller, Federal Practice and Procedure § 1471 at 502-03 (1990)(Rule 15(a) "codifies a liberal approach to the amendment of pleadings to promote the policy of deciding cases on the merits instead of technicalities.")  As such, Plaintiffs' motion shall be granted in order to allow Plaintiff to amend the complaint in accordance with Count XIII of its proposed Amended Complaint. (Amend. Compl. ¶ 87-92.)

---

[4] Attachment No. 3 of Plaintiff Genarie's Lease Agreement sets forth his responsibilities as a "live-in maintenance person" on Defendants property.  (Attachment No. 3 Lease Agreement, Def.'s Opp. Br. at Ex. A.)  Under the caption of "Regular Duties-Daily" and the sub-heading "Monitoring Activities," Attachment No. 3 states that Plaintiff Genarie will "[p]erform other duties as may be assigned from time to time."  (Id. at ¶ A.11.)

10

### III. **CONCLUSION**

For the reasons discussed above, this Court grants Plaintiffs' Motion for Leave to Amend/Correct its Complaint in order to add a count for breach of contract consistent with Count XIII of the proposed Amended Complaint. The accompanying Order is entered.

| | |
|---|---|
| **January 25, 2006** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |