IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES GENARIE and THERESA COXON, <br><br> Plaintiffs, <br><br> v. <br><br> PRD MANAGEMENT, INC., et al., <br><br> Defendants. | Honorable Jerome B. Simandle <br><br> Civil No. 04-2082 (JBS) <br><br> **ORDER** |

THIS MATTER having come before the Court upon Defendants PRD Management, Inc., Mullen Manor Apartments, and James McGrath's motion for summary judgment and Plaintiffs Charles Genarie and Theresa Coxon's cross-motion for partial summary judgment; and the Court having heard oral argument in this matter on December 9, 2005; and the Court having considered the parties' submissions in support of and in opposition thereto [Docket Item Nos. 15, 17 and 18] and the parties' supplemental submissions made at the request of the Court [Docket Item Nos. 22 and 24]; and for the reasons expressed in the Opinion of today's date; and for good cause shown;

IT IS on this __**17th**__ day of February, 2006, hereby

**ORDERED** that Defendant PRD Management, Inc., Mullen Manor Apartments, and James McGrath's motion for summary judgment [Docket Item No. 15] shall be, and hereby is, **GRANTED in part and DENIED in part**; it is further

**ORDERED** that summary judgment is entered in favor of Defendant Mullen Manor (a/k/a MSAA Housing for the Disabled, Inc.) upon all claims arising under the FLSA;

**ORDERED** that summary judgment is entered in favor of Defendants with respect to the claims that (1) Plaintiff Genarie's time spent on-call is compensable under the Fair Labor Standards Act and (2) Defendant PRD Management, Inc. was required to withhold income tax and pay social security and unemployment taxes on the value of Plaintiffs' apartment; it is further

**ORDERED** that summary judgment is entered in favor Plaintiffs' upon cross-motion for partial summary judgment [Docket Item No. 17] and against Defendant PRD Management, Inc., with respect to the claim that plaintiff Theresa Coxon was an employee of PRD Management; it is further

**ORDERED** that Plaintiffs' claims under FLSA and NJWHA with respect to compensation for services performed prior to May 3, 2002 are time barred and therefore are **DISMISSED**; and

**ORDERED** that summary judgment is entered in favor of Defendants upon Plaintiffs' claim of record-keeping violations under the NJWHLA, without prejudice to Plaintiffs' right at trial to demonstrate that PRD Management failed to maintain employment records required by the NJWHA and that an evidentiary presumption arises in Plaintiffs' favor with respect to Plaintiffs' proofs of

actual hours worked, subject to rebuttal by Defendant; it is further

**ORDERED** that, because there are genuine issues of material facts present, Defendants' motion for summary judgment and Plaintiffs' cross-motion for partial summary judgment on all other issues shall be, and hereby are **DENIED**.


                          **s/ Jerome B. Simandle**
                          JEROME B. SIMANDLE
                          United States District Judge